Original,
No. 5003.

BRUCE G. RIENDEAU

*v.*

MUNICIPAL COURT OF MILFORD.

Argued December 6, 1961.

Decided January 29, 1962.

34

*William D. Tribble* (by brief and orally), for the plaintiff.

*Maurice J. Murphy, Jr.*, Attorney General, and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the defendant.

LAMPRON, J.   The main question to be decided is whether as a matter of right the defendant in a criminal proceeding in a municipal court can have issues of law determined by that court reviewed directly by the Supreme Court without recourse to the Superior Court.

RSA 502:24 reads as follows: "TRANSFER TO SUPREME COURT. In municipal courts located in cities and towns having a population of fifteen hundred or more, the finding of facts shall be final; but questions of law may be transferred to the supreme court in the same manner as from the superior court." In *State* v. *Deane*, 101 N. H. 127, we decided that this court has jurisdiction under that statute to entertain the transfer of questions of law from a municipal court in a criminal case.   At page 130 we said "It is to be noted that in criminal cases the transfer under RSA 502:24 is discretionary with the municipal court and does not grant to the parties a right of transfer."   We are still of that opinion.

Plaintiff admits that RSA 599:1 grants him the right to appeal his sentence to the Superior Court.   *State* v. *Cook,* 96 N. H. 212, 214.   However he maintains that this procedure imposes an undue financial burden on him as well as an unreasonable delay in a case like the present where the only issue is the determination of a legal question.

Article 14th, Part I, of our Constitution which plaintiff claims is thus violated reads in part as follows: "Every subject of this state is entitled to a certain remedy, by having recourse to the laws . . . promptly, and without delay; conformably to the laws." Such a right is necessarily relative, and must be considered with regard to the practical administration of justice.   See *Beavers* v. *Haubert,* 198 U. S. 77, 86, 87; *Kyle* v. *United States,* 211 F. 2d 912, 914 (9th Cir. 1954); *Halcomb* v. *Eckle,* 110 Ohio App. 208.   A disposition of a case made according to the prevailing proceedings of law free from arbitrary, vexatious, and oppressive delays is

considered to be in accordance with such a constitutional requirement. See *Shepherd* v. *United States,* 163 F. 2d 974, 976 (8th Cir. 1947); *Pollard* v. *United States,* 352 U. S. 354, 361; *State* v. *Beckwith,* 222 Ind. 618; 22A C. J. S., Criminal Law, *ss.* 466, 467 (4), *pp.* 18-30.

We are of the opinion that our present system by which a defendant aggrieved by a sentence in a municipal court can obtain a new trial in the Superior Court and transfer therefrom to this court all questions of law (unless the municipal court in its discretion has transferred such a question directly to this court) meets the requirements of our Constitution.

Plaintiff's arguments that where the sole issue is one of law there is no reason to further burden the docket of the Superior Court by using it as a conduit to present the issue to this court has merit. However there are countervailing conditions existing in municipal courts which militate against granting a direct appeal to this court as a matter of right. See Report by the Administrative Committee of Municipal Courts (Laws 1959, *c.* 289) entitled "The Municipal Courts of New Hampshire" (1961), *pp.* 15-29, 50. Furthermore the absence of a stenographer and consequently of a transcript of the evidence in most cases would render impossible the determination of many questions of law which could be transferred. *Nelson* v. *Morse,* 91 N. H. 177, 178; *Ray* v. *Sanborn,* 99 N. H. 438, 439.

There has been no showing that the justice of the municipal court of Milford has abused his discretion in refusing to transfer directly to this court the issue of law raised by the plaintiff. He was acting within his jurisdiction and no error or abuse has been called to our attention which demands or would justify the exercise of the power of general superintendence granted to this court. RSA 490:4; *Brown* v. *Knowlton,* 102 N. H. 221.

*Petition dismissed.*

All concurred.