Merrimack County Probate Court
No. 6834

LUIGI DOLCINO

v.

PHYLLIS CLIFFORD

June 28, 1974

*Carroll F. Jones,* by brief and orally, for the plaintiff.

*New Hampshire Legal Assistance (Mr. John W. Cotton),* by brief and orally, for the defendant.

GRIMES, J.   The question presented in this case is whether the probate court has the power to make an involuntary

commitment of the defendant on the ground that her mental condition created a potentially serious likelihood of danger to herself or to others. After hearing, the court denied defendant's motion for a commitment of no longer than six months on the "ground of lack of jurisdiction pursuant to RSA 135-B:38 to fashion an order for less than two years." Defendant's exception was transferred by *Slattery*, J.

RSA ch. 135-B (Supp. 1973) was enacted in 1973 to guarantee humane treatment for the mentally ill. It is declared to be the policy of the State that "mental illness in and of itself is insufficient to commit any individual involuntarily." It is apparent that an important purpose of the statute is to afford greater protection for the civil rights of the mentally ill. The general thrust of the statute is that involuntary commitments be utilized only when treatment other than involuntary admission would not be in the best interest of the patient and the community. The liberty of the patient is to be curtailed only to the extent necessary to protect her and the public.

It is clear that it is the judge of probate and not the medical experts who determines whether the patient's liberty is to be curtailed. RSA 135-B:37 (Supp. 1973) authorizes the court to order the person to submit to some form of treatment other than in-patient treatment on an involuntary basis notwithstanding expert testimony. That section provides however that when the court finds that "involuntary admission is necessary" it "may so order".

Section 38 provides: "No order made pursuant to RSA 135-B:37 for involuntary admission or any other type of treatment shall be valid for longer than two years." Plaintiff claims that the court's authority is limited to making an order for involuntary admission which is then limited by section 38 to two years and that there is no authority vested in the court to order admission for any less time. Section 38 is phrased in terms of a maximum and there is nowhere in the statute any limitation on the court's power to commit for less time. Such a limitation upon the authority of the court will not be inferred from the absence of specific authorization to commit for a lesser period.

*Bodeau v. Bodeau,* 92 N.H. 183, 27 A.2d 191 (1942). We hold therefore that the judge of probate does have authority to order involuntary admissions for less than two years.

*Exception sustained; remanded.*

All concurred.