Merrimack
No. 79-193

### The State of New Hampshire

v.

### Leland W. Hudson

December 28, 1979

*Thomas D. Rath*, attorney general (*David L. Harrigan*, assistant attorney general, orally), for the State.

*James R. Anderson*, of Pittsfield, by brief and orally, for the defendant.

PER CURIAM. The issue in this case is whether defendant was denied his right to a speedy trial.

On March 30, 1977, defendant was charged with sexual assault, a misdemeanor. He was tried, convicted and sentenced pursuant to RSA 651:6(I)(b), (I)(c), and (II)(b) on July 20, 1979, to not less than two nor more than five years in prison with credit for pretrial confinement. His exceptions were transferred by *DiClerico*, J.

A review of defendant's history beginning in 1967 is necessary to an understanding of the issue. In 1967 defendant was committed as a sexual psychopath under the then applicable statutes which allowed confinement without conviction of a crime. RSA ch. 173, *repealed by* Laws 1969, 443:2. This act was replaced by one which allows confinement only after conviction of certain specified crimes. RSA 173-A:3 (Supp. 1977). Defendant nevertheless remained confined until September 21, 1972, when he was paroled. On May 22, 1973, his parole was revoked and, after a finding that he was a dangerous sexual offender, he was ordered incarcerated. That order remained in effect until our decision in *Hudson v. Miller*, 119 N.H. 141, 399 A.2d 612 (1979).

On February 5, 1977, while in confinement at the New Hampshire State Hospital pursuant to the May 22, 1973 order, the defendant walked off the hospital grounds. He was arrested the same day and held in lieu of bail pending charges of sexual assault and escape. On March 30, 1977, the defendant was formally charged by information with the offense which resulted in this appeal. On March 14, 1978, the defendant pleaded guilty to the escape charge and was sentenced to not less than one nor more than two years confinement. He was credited, however, with fourteen months pretrial confinement, and transferred to the State prison.

The defendant was tried on the sexual assault charge on May 10, 1979, after a delay of twenty-seven months, and convicted by a jury. On July 20, 1979, the defendant was sentenced to not less than two nor more than five years imprisonment, but was granted credit for pretrial confinement dating from April 6, 1979.

Defendant argues that the twenty-seven-month delay before he was tried on the sexual assault charge deprived him of his right to a speedy trial under the sixth and fourteenth amendments to the Constitution of the United States and under N.H. Const. pt. I, art. 14. We agree. In *State v. Cole*, 118 N.H. 829, 395 A.2d 189 (1978), we held that a fourteen-month delay under the circumstances in that case constituted a denial of the right to a speedy trial. The United States Court of Appeals for the First Circuit has held that a twenty-six-month delay violated defendant's speedy trial right. *United States v. Churchill*, 483 F.2d 268 (1st Cir. 1973). *See also Dufield v. Perrin*, 470 F. Supp. 687 (D.N.H. 1979).

We have followed the four factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972), in determining if there has been a denial of a speedy trial. *State v. Cole supra*. They are: (1) the length of delay, (2) the reasons for the delay, (3) the responsibility of defendant to assert his right and (4) prejudice to the defendant.

■■ It cannot be denied that a lapse of twenty-seven months is great for a misdemeanor, *State v. Cole*, 118 N.H. 829, 395 A.2d 189 (1978), and there has been no reason or excuse suggested by the State for the delay. The fact that the defendant was confined under other committal orders may have satisfied the State's interest in having him confined but it did not in any way satisfy defendant's rights with respect to a speedy trial on this charge and cannot justify the delay. Moreover, the defendant asserted his right to a speedy trial on three different occasions even though during most of the time he was without counsel. The defendant had difficulty obtaining counsel, and if his case had come to trial earlier, he would have been assigned counsel earlier and thus might have been in a better position to prepare a defense or to seek a concurrent sentence. *See Barker v. Wingo*, 407 U.S. at 532. Arguably, the defendant was prejudiced by this delay.

■ ■ We conclude that the State has not discharged its "constitutional duty to make a diligent, good-faith effort to bring him [to trial]." *Smith v. Hooey*, 393 U.S. 374, 383 (1969). Considering all the facts and circumstances, we hold that the defendant was denied the right to a speedy trial under N.H. Const. pt. I, art. 14. The only remedy is to dismiss the charges against him. *See State v. Cole*, 118 N.H. 829, 395 A.2d 189 (1978); *Strunk v. United States*, 412 U.S. 434 (1973).

■ We recognize that dismissal for denial of a speedy trial may produce serious problems relating to the protection of the public from persons too dangerous to be at large. Any reluctance we might have to see a dangerous person turned loose cannot justify denying him his constitutional rights. To do so would violate the rule of law which forms the very foundation of our system of justice.

■ The dismissal of the criminal charges against the defendant, however, does not leave the State powerless to deal with the defendant if it would be dangerous for him to be at large. The civil commitment procedures under RSA ch. 135-B are adequate for this purpose. The fact that the criminal charges are dismissed does not preclude the use of the facts and circumstances giving rise to those charges in proving dangerousness. Nor must a finding of dangerousness be founded only upon psychiatric or other expert medical testimony. The condition of dangerousness is not a medical concept but rather a legal one. It has long been recognized in this State that even the condition of insanity may be proved by lay witnesses, *Hardy v. Merrill*, 56 N.H. 227 (1875), and lay testimony has recently

been held to satisfy federal constitutional standards. *Moore v. Duckworth*, 99 S. Ct. 3088 (1979). Indeed, RSA 135-B:37 empowers the court to overrule the recommendation of psychiatrist against involuntary commitment. *Dolcino v. Clifford*, 114 N.H. 420, 321 A.2d 577 (1974). We again stress that it is the judge who makes the decision and not the psychiatrist. *State v. Hesse*, 117 N.H. 329, 373 A.2d 345 (1977).

■ The burden of proof beyond a reasonable doubt required by *Proctor v. Butler*, 117 N.H. 927, 380 A.2d 673 (1977), is not insurmountable. It does not require that the court be satisfied beyond a reasonable doubt that the respondent will commit crimes of violence if he is not confined. The burden is satisfied if the court is convinced beyond a reasonable doubt that there is "a potentially serious likelihood" that he will be a danger to himself or others. RSA 135-B:26; *Proctor v. Butler*, 117 N.H. 927, 933–34, 380 A.2d 673, 677 (1977).

■ ■ In this case, specific acts required by RSA 135-B:28 may be shown by evidence of the acts that gave rise to the criminal charges that are here dismissed. We note in passing that this requirement relates to the original commitment only. Renewal orders need not be based on specific acts, because commitment may be based on a pattern of prior action and testimony relating to the question whether or not any cure for defendant's condition has been effected.

Unless defendant is civilly committed within thirty days, he is to be released from custody.

*Exceptions sustained.*

BOIS, J., dissented; KING, J., did not sit.

BOIS, J., dissenting:

The sixth amendment guarantee of a right to speedy trial is a relative one depending on the circumstances of each case and is to be tempered by the interests of public justice. *Beavers v. Haubert*, 198 U.S. 77, 87 (1905).

*Barker v. Wingo*, 407 U.S. 514 (1972), provided guidance for assessing what delay is impermissible in criminal cases. Four criteria for evaluating whether the guarantees were violated were identified therein, but specific time limits were neither required nor provided for. The Court found "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Id.* at 523. It further found that none of the criteria identified were either a necessary or sufficient condition to the finding of a

deprivation of the right of a speedy trial, but rather that they were merely related facts to be considered with all other relevant circumstances. The conclusion was drawn that "courts must still engage in a difficult and sensitive balancing process." *Id.* at 533.

Article 14, part 1 of the New Hampshire Constitution guarantees the right to a speedy trial. However, the right is one to "orderly expedition and not mere speed." *United States v. Ewell*, 383 U.S. 116, 120 (1966), *quoted in State v. Coolidge*, 109 N.H. 403, 412, 260 A.2d 547, 554 (1969), *reversed on other grounds, Coolidge v. New Hampshire*, 403 U.S. 443 (1971). A majority of the court has recognized that this right is "necessarily relative and must be considered with regard to the practical administration of justice" and if a case is disposed of according to the prevailing proceedings of law free from arbitrary, vexatious and oppressive delays, it is considered to be in accordance with such a constitutional requirement. *State v. Cole*, 118 N.H. 829, 830, 395 A.2d 189, 190 (1978); *State v. Blake*, 113 N.H. 115, 121–22, 305 A.2d 300–05 (1973); *Riendeau v. Milford Municipal Court*, 104 N.H. 33, 34–35, 177 A.2d 396, 398 (1962).

Even though *Barker v. Wingo* prescribes "flexible" standards based on practical considerations, the thrust of legislation, rules, and court decisions, in enacting or recommending specific time limits has been to focus on the rights of defendants and largely ignore the "practical administration of justice" and the protection of the public interest.

Considering all of the facts in the instant case, weighing defendant's case history, and then applying the balancing test to protect the rights of the defendant while maintaining a responsive posture toward public concern, I would hold that defendant was not denied the right to a speedy trial.