UNITED STATES of America, Appellee,

v.

Clarke Dana JOHNSON, Defendant, Appellant.

No. 78–1004.

United States Court of Appeals, First Circuit.

Submitted June 9, 1978.

Decided July 28, 1978.

John P. Ward, Cambridge, Mass., by appointment of the Court, on brief for defendant, appellant.

Edward F. Harrington, U. S. Atty., and Charles E. Chase, Asst. U. S. Atty., Boston, Mass., on brief for appellee.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant's constitutional and statutory rights to a speedy trial are the subject of this appeal. On March 10, 1977, appellant was indicted for jumping bail (18 U.S.C. § 3150). Fifteen days later he was arraigned. The case was first called for trial on June 20, 1977, at which time the court was informed that appellant had recently been sent by another court to a medical center in Missouri. As a result of appellant's hospitalization, the present case was removed from the June list. The case was next called on October 18, 1977, when the trial was scheduled for the week of November 14. On November 1, appellant moved for dismissal of the indictment on the ground that the eight month delay between

his arraignment and the scheduled trial date deprived him of his Sixth Amendment right to a speedy trial. After a hearing, the district court denied the motion. At his trial, which took place on November 15, appellant waived his right to a jury, submitted a stipulated agreement of facts, was found guilty, and was sentenced to one year to be served concurrently with the five year sentence which appellant had recently received in another case (*United States v. Johnson,* 565 F.2d 179 (1st Cir. 1977)).

The Supreme Court has stated that to determine whether a defendant's constitutional right to a speedy trial has been violated a balancing test should be applied in which the conduct of the prosecution and the defendant are both to be weighed. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Factors to be considered are the length of and reasons for the delay, the nature of defendant's assertions of his right to a speedy trial, and the prejudice caused to defendant as a result of the delay. *Id.*

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into other factors that go into the balance." *Id.* Appellee concedes that, given the simple nature of the charge against appellant, the eight month delay between arraignment and trial warrants a further inquiry into appellant's claim. *Id.* at 530–31, 92 S.Ct. 2182; *United States v. Simmons,* 536 F.2d 827, 831 (9th Cir.), *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976).

■ "[D]ifferent weights should be assigned to different reasons [for the delay]." *Barker, supra,* 407 U.S. at 531, 92 S.Ct. at 2192. Delay deliberately caused by the prosecution to hamper a defense is to be weighed heavily against the government. More neutral reasons for delay, such as overcrowded courts or the prosecution's negligence in not bringing the case to trial, are to be counted against the government, since the ultimate responsibility for such circumstances rests there, but weighed less heavily. Delays serving legitimate pur-

poses, such as the location of a missing witness, are not to be held against the government. *Id.; United States v. Butler,* 426 F.2d 1275, 1277 (1st Cir.), *cert. denied,* 401 U.S. 978, 91 S.Ct. 1207, 28 L.Ed.2d 328 (1970).

■ The delay in the present case is due to excusable and neutral causes. The removal of the case from the June list because of appellant's hospitalization constitutes delay serving a legitimate purpose and therefore will not be held against the government. This accounts for about two months of the eight month period. The balance of the delay was not intentionally perpetrated by the government for improper motives. Yet there is no evidence in the record that this delay was caused by appellant or occasioned to serve some legitimate purpose either.[1] Consequently, this portion of the eight month period shall be attributed to "neutral" reasons, which weigh against the government but not heavily. *See United States v. Cabral,* 475 F.2d 715, 718 (1st Cir. 1973).

■ The responsibility of a defendant to assert his Sixth Amendment right is important to consider because it indicates whether prejudice, "which is not always readily identifiable", was actually caused to the defendant by the delay. *Barker, supra,* 407 U.S. at 531, 92 S.Ct. at 2192. A nonassertion of this right prior to trial indicates that the defendant may in fact have believed that the delay was to his benefit, in which case he should not be heard to complain at a later date that his right to a speedy trial has been violated. *Id.* at 521, 528–29, 531–32, 92 S.Ct. 2182. Determining in whose favor this factor is to be considered is difficult in the present case, because there is a dispute as to whether appellant did assert his rights prior to the filing of his motion to dismiss in November, shortly before his trial. Appellant contends that he sent letters to the prosecutor and court in March and June respectively requesting a speedy trial.

The alleged recipients, however, neither remember nor have records of receiving the letters. Assuming the letters were sent, it is curious that appellant did not reassert his alleged desire for a speedy trial when he learned he was going to be transferred to a federal penitentiary in Texas in mid-September. The record does not disclose when appellant learned of his impending transfer, but in the absence of evidence to the contrary, we think it is fair to assume that either appellant or his counsel was given some advance warning. His failure to assert his right at that time suggests a lack of interest in a speedy disposition of this case. On the other hand, it is not obvious that appellant had anything to gain by the delay. Thus, we find that, when reviewed in the context of the present record, appellant's alleged assertions of his right in March and June do not weigh heavily in either party's favor.

■ Whether a defendant has been prejudiced by the delay is to be assessed in light of the interests which the Sixth Amendment right to a speedy trial was designed to protect: the defendant's interests against oppressive pre-trial incarceration, anxiety over the unresolved outcome of his case, and impairment of his defense. *Id.* at 532, 92 S.Ct. 2182. Appellant was incarcerated prior to his trial in this case solely because of charges and sentences pending against him in other cases. He was granted bail in the present case. If he suffered from his incarceration, then, it was not due to the delay between arraignment and trial for the bail jumping charge.

To demonstrate that the delay has caused him anxiety over his unsettled legal status, appellant points to his ill health, which is documented by his transfer to the medical center in Missouri during the midst of the eight month period under review. In light of the other charges and sentences pending against appellant during that period, however, the pendency of the bail jumping

---

1. Appellee argues in his brief that part of the delay was caused by the request of appellant's counsel, when the case was called for trial in October, for time to discuss a Rule 20 disposi- tion with his client, who was then in the federal penitentiary in Texas. These facts are not in the record, however, and are therefore outside our scope of review.

charge probably "created relatively little incremental strain on his life". *United States v. Palmer,* 537 F.2d 1287, 1289 (5th Cir. 1976); *see United States v. Massaro,* 544 F.2d 547, 550 (1st Cir. 1976), *cert. denied,* 429 U.S. 1052, 97 S.Ct. 766, 50 L.Ed.2d 769 (1977).

Appellant's contention that his defense was impaired as a result of the delay is insubstantial. He claims that because of the prolonged unsettled nature of his future, he lost contact with his wife, upon whom he had been counting for favorable testimony at his disposition. (He admitted that he had no defense to present at trial other than his speedy trial claim.) It is not clear from the record that, if appellant had attempted to locate his wife in November, he would have been unable to. He testified at the hearing on his motion to dismiss the indictment that he last wrote to her, shortly before he was transferred back from Texas in October, and never received a reply. He had reason to believe that she still resided in Massachusetts, however, and apparently never followed up on the court's suggestion made at the hearing that he use resources available through his attorney's office to try to locate her. Therefore, appellant has not submitted sufficient evidence to show that because of the delay he was unable to obtain his wife to give testimony. Even if he had shown this, we would still not deem the delay to have been prejudicial to his defense, since we cannot believe, in the absence of evidence to the contrary, that the court would have been persuaded by her testimony to give a lighter sentence than it did in view of appellant's record of prior convictions. Appellant was sentenced to one year, out of a possible five, to be served concurrently with the five year sentence he had received in another case.

 · Given the moderate length of the delay, the relatively benign reasons there-

for, the puzzling aspects of the assertions of his rights, and the lack of significant prejudice caused by the delay, we hold that appellant has not been deprived of his constitutional right to a speedy trial. Hedging against the possibility of such a holding, appellant has also asserted that the denial of his motion to dismiss the indictment constituted an abuse of the district court's discretion. Appellant concedes that since the sanctions set forth in the Speedy Trial Act are not yet effective,[2] and since violation of the time limits contained in the district court's Plan for Prompt Disposition of Criminal Cases does not require a dismissal of the indictment,[3] the court had discretion as to whether to dismiss his indictment for the alleged violations of the Act and Plan. He argues that it was an abuse of discretion not to dismiss the indictment in his case, however, because the delay was not justified in view of the simple nature of the case and the fact that a less severe sanction, such as a retrial, would serve no useful purpose. We have previously held, however, that a denial of a motion to dismiss an indictment for unnecessary delay in bringing a defendant to trial will only be reversed where there is evidence of improper motivation on the government's part or of significant prejudice to the defendant. *United States v. DeCosta,* 435 F.2d 630, 633 (1st Cir. 1970). There being neither in the present case, we find no cause for reversal.

*The judgment of the district court is affirmed.*

---

**2.** 18 U.S.C. § 3163.

**3.** The district court's Plan for Prompt Disposition of Criminal Cases was passed pursuant to the Speedy Trial Act (18 U.S.C. §§ 3164-66) to control the time within which criminal cases shall be brought to trial until the sanctions in the Act become effective. *According to section* III, ' 10(a) of the Plan, Federal Rule of Criminal Procedure 48(b) governs whether an indictment should be dismissed for a violation of the Plan. Rule 48(b) gives the district court discretion to dismiss an indictment for unnecessary delay in bringing the case to trial.