**UNITED STATES of America**

v.

**George VEILLETTE, Defendant.**

**Crim. Nos. 82–00018–B, 82–00019–B.**

United States District Court,
D. Maine.

March 5, 1987.

See also 106 S.Ct. 1970.

Jay P. McCloskey, Asst. U.S. Atty., Bangor, Me., for U.S.

Daniel G. Lilley, Daniel Bates, Portland, Me., for defendant.

## MEMORANDUM AND ORDER

CYR, Chief Judge.

Defendant moves for dismissal of the indictments in Criminal Numbers 82–00018–B and 82–00019–B, with prejudice, for violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174.

## BACKGROUND

In 1982 defendant was charged in Criminal Number 82–00018–B with one count of conspiracy to possess over 1,000 pounds of marijuana and with one count of possessing with intent to distribute 280 grams of cocaine. In Criminal Number 82–00019–B defendant was charged with possession of a silencer for a .22 caliber firearm, which silencer was not registered to defendant. A critical issue with regard to all three charges was the constitutionality of a search of defendant's Thee Motorcycle Shoppe.

For purposes of trial, the conspiracy count in 82–00018–B was severed from the charge of possessing cocaine with intent to distribute. Defendant challenged the search of the motorcycle shop, and after a hearing the court denied defendant's motion to suppress. In March 1984 defendant Veillette and ten of the other conspiracy defendants were found guilty of conspiring to possess in excess of 1,000 pounds of marijuana.

After defendant was sentenced on the conspiracy charge, defense counsel appealed the conviction on the ground, *inter alia,* that the search of the motorcycle shop was unconstitutional. Defendant moved to continue trial on the remaining charges, in 82–00018–B and 82–00019–B, on the ground that the appeal might obviate the need for trial. The court granted defendant's motion, and ordered that the time from February 1, 1985 "up to and including the day on which the Court of Appeals issues its mandate in the pending appeal in 82–00018–B shall be excluded from computation of the time under the Speedy Trial Act...."

The First Circuit affirmed. *See United States v. Veillette,* 778 F.2d 899 (1st Cir. 1985). The mandate denying the appeal was received on December 26, 1985, and trial was scheduled to begin on January 27, 1986. On January 17, 1986 defendant moved to continue trial in 82–00018–B and 82–00019–B. The motion stated that defendant was petitioning the Supreme Court for a writ of certiorari, and requested that trial be continued pending "final disposi-

tion" of the search and seizure issue. The court granted defendant's motion and ordered that "the period of time from December 26, 1985 up to and including the day on which the United States Supreme Court disposes of defendant's petition for Writ of Certiori [sic], either in denying the writ or entering a decision, shall be excluded under the Speedy Trial Act." Order of January 22, 1986.

The petition for a writ of certiorari was denied on May 19, 1986. *See* — U.S. —, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986). This court was not notified of the denial of the petition, by counsel to the parties, by the Supreme Court or by the First Circuit Court of Appeals. *See* Sup.Ct.R. 23.3 ["whenever a petition for writ of certiorari ... is denied, an order to that effect will be entered and the Clerk forthwith will notify *the court below* and *counsel of record"* (*emphasis added*) ].

The United States Attorney for the District of Maine was not informed that the petition had been denied. The Government avers, and defendant does not dispute, the following facts:

The Solicitor General's office, which handles all matters for the Government before the Supreme Court, never notified the U.S. Attorney for the District of Maine that defendant's Petition had been denied. On December 22, 1986, Government counsel received a letter from defendant's attorney which caused him to discover that the Supreme Court had denied the Certiorari Petition on May 19, 1986. Thereafter, Government counsel asked the District Court clerk to schedule trials in 82–00018–B and 82–00019–B which prompted defendant to file the instant speedy trial motion on January 2, 1987.

Government's Memorandum In Opposition To Motion To Dismiss Indictment With Prejudice, at 2. For present purposes the court accepts these representations as true. It is noteworthy that neither the motion nor the memorandum filed by defendant states whether defendant or his counsel

was informed that the petition for certiorari had been denied. *But see* Sup.Ct.R. 23.3.

## DISCUSSION

■ The Speedy Trial Act requires that trial commence within 70 days of the filing of the indictment. 18 U.S.C. § 3161(c)(1). More than 200 days elapsed between the Supreme Court's denial of the certiorari petition and the filing of defendant's motion to dismiss. None of that time is excludable. *See* 18 U.S.C. § 3161(h). Pursuant to 18 U.S.C. § 3162(a)(2), the two pending indictments must be dismissed. The remaining issue is whether the dismissals should be with or without prejudice.

■ The Act states that

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). There is no "presumption" or "preference" in the Act for dismissal with prejudice. In *United States v. Brown*, 770 F.2d 241 (1st Cir.1985), the First Circuit rejected the argument that there is an implied presumption that dismissal should be with prejudice because dismissal with prejudice is the only sanction with "teeth." After reviewing the legislative history, the court stated:

Above all, the fact is that Congress explicitly and affirmatively decided to make dismissal without prejudice one of the sanctions for violation of the Act. [*United States v. Janik*, 723 F.2d 537, 546 (7th Cir.1983).] The heart of the matter therefore is:

It would ill behoove a court to engraft a presumption on statutory language plain on its face that does not include it. Instead, we prefer to follow the thrust of the compromise reached in Congress and leave the discretionary decision on whether dismissal is with or without prejudice to the courts.

[*United States v. Caparella*, 716 F.2d 976, 980 (2d Cir.1983).] *See also United States v. Russo*, 741 F.2d 1264, 1266 (11th Cir.1984) (agreeing with *Caparella* that neither remedy is preferred).

*Brown*, 770 F.2d at 243–44. Thus the court must consider all of the statutory criteria in determining whether to dismiss with or without prejudice. *See id.* at 244.

■ Defendant is charged with possession of 280 grams of cocaine, with intent to distribute, and with possession of an unregistered firearm silencer. The penalty for the cocaine charge is up to 15 years in prison and a fine of up to $25,000. The penalty for possession of an unregistered silencer is up to 10 years in prison and a fine of up to $10,000. Notwithstanding defendant's implicit suggestion that the offenses with which he is charged are analogous to theft of mail, because they do not involve violence, *see* Defendant's Memorandum at 8, the court finds that both indictments charge serious offenses.

The Sixth Circuit has noted that "[t]here can be no question that an organized society which fails to regulate the importation, manufacture and transfer of the highly sophisticated lethal weapons in existence today does so at its peril." *United States v. Warin*, 530 F.2d 103, 108 (6th Cir.1976) [upholding constitutional challenge to requirement that firearms be registered]. The substantial penalty imposed by Congress for violations of the National Firearms Act is indicative of the seriousness of the offense charged in Criminal No. 82–00019–B.

As the First Circuit has stated, crimes involving the possession and distribution of narcotics are "undeniably serious":

The distribution of a substantial amount of a hard drug like cocaine is a serious and grave offense against society as a whole, and the district court properly found that the offense weighed heavily in favor of dismissal without prejudice.

*Brown*, 770 F.2d at 244 [rejecting contention that "routine drug case" is not serious]; *see also United States v. Simmons*,

786 F.2d 479, 485 (2d Cir.1986); *United States v. Carreon,* 626 F.2d 528, 533 (7th Cir.1980).

The court finds that the seriousness of the offenses with which plaintiff is charged weighs heavily in favor of dismissal without prejudice.

■ Turning next to a consideration of the facts and circumstances necessitating dismissal of these charges, the court finds that several factors weigh against dismissal with prejudice.

First, the delay in this case was the result of ministerial oversight either on the part of the Clerk of the United States Supreme Court or the Clerk of the United States Court of Appeals for the First Circuit, and of the office of the Solicitor General. Arising as it did in these unique circumstances, this type of delay seems unlikely to recur or to be ameliorated by any systemic "shake-up." The fact that the reason for the delay lies without the District of Maine does not excuse the delay, but it does bear upon whether an indictment in this district should be dismissed with or without prejudice. The court takes judicial notice of its own statistics [*see* Fed. R.Evid. 201(b), (c) & (f)] regarding the timeliness of the disposition of criminal cases in this district, and notes that there is no history of Speedy Trial problems in the district. Indeed, since the Act took effect there has been but one dismissal of an indictment in this district pursuant to 18 U.S.C. § 3162.

Second, the court notes the role of the defendant. Defendant requested the continuances which gave rise to the excludable delays pending denial of the certiorari petition. Defendant does not allege that he did not have notice of the denial of the petition, and the court presumes that defense counsel, as counsel of record, was notified of the decision, particularly since it appears that the Solicitor General, the other counsel of record, did receive notice. Nevertheless, defense counsel took no steps to notify either the court or the Government of the occurrence of the event which would re-start the speedy trial clock in accordance with the earlier order of the court.

■ Defendant was incarcerated during the period of non-excludable delay, and makes no allegation of prejudice due to the delay. In these circumstances, where defendant did not come forward any earlier and request a trial and does not now allege any prejudice, the court concludes that in fact there has been no prejudice to defendant. Although a defendant neednot show actual prejudice, the *lack* of prejudice is a factor to be considered in deciding whether to dismiss with prejudice. *See Brown,* 770 F.2d at 245; *Simmons,* 786 F.2d at 486; *Capparella,* 716 F.2d at 980.

Third, the court notes that the delay in this matter was not intentional, was not for the purpose of gaining a tactical advantage, and did not result from a misunderstanding of the provisions of the Act. *See Brown,* 770 F.2d at 244. Although arguably there was some "administrative neglect," *see id.,* the delay was not occasioned by oversight on the part of any personnel in the office of the United States Attorney for the District of Maine, nor was it the result of congestion or administrative oversight on the part of trial court personnel.

The court concludes that these facts and circumstances weigh against a dismissal with prejudice. Although a delay of eight months is substantial, defendant has suffered no harm and the delay was due to factors beyond the control of the trial court and the prosecutor.

Finally, the statute requires consideration of the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice.

■ Dismissal of these indictments without prejudice in this case would have no significant adverse impact on the administration of the Speedy Trial Act. First, as the First Circuit has noted, "it cannot be said that the sanction of dismissal without prejudice is completely negligible" *Brown,* 770 F.2d at 243. Moreover, in this case a dismissal without prejudice will have significant deterrent effect, since the firearms

charge will be barred by the statute of limitations. *See* 26 U.S.C. § 6531.

Second, considering the unique circumstances of this case, the fact that neither the trial court nor the prosecutor caused or contributed to the non-excludable delay, and considering the lack of any history of speedy trial problems in this district, it cannot be said that dismissal without prejudice would condone conduct which the Speedy Trial Act is aimed at curbing.

Finally, the public interest in speedy trials is not offended in the circumstances of this case. As the Second Circuit has noted,

> the public has a strong interest in prompt trials because it reduces the defendant's opportunity to manipulate the criminal justice system. Moreover, society has a vital concern that an accused be quickly brought to trial in order to reduce the large number of crimes committed by those on bail.

716 F.2d at 981. Defendant has been in custody since his sentencing on February 1, 1985. Thus, he has not had any opportunity to commit crimes pending trial, and no "manipulation" of the criminal justice system is apparent. This factor weighs strongly in favor of dismissal *without* prejudice.

█ The impact on the administration of justice also weighs strongly in favor of dismissal without prejudice. As the First Circuit has said, "[t]he crimes charged [are] serious and the proper administration of justice calls for their prosecution." *Brown*, 770 F.2d at 245. Initially the delay was authorized with the salutary aim of conserving the resources of the defendant, the prosecutor and the courts, by postponing what might have been two moot trials until the critical search and seizure issue finally had been resolved. In these circumstances, the harshest available sanction should not be imposed.

█ For the foregoing reasons, after consideration of the statutory facts set forth at 18 U.S.C. § 3162(b), the indictments in Criminal Numbers 82–00018–B and 82–00019–B are DISMISSED, without prejudice.

SO ORDERED.